UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LANA MASSA,

                Petitioner,

     v.

R.W. BUZZARD,

                Respondent.

Case No. C09-5556 FDB

ORDER TO SHOW CAUSE

This matter is before the Court on Petitioner's petition for writ of federal habeas corpus relief filed with this Court on September 14, 2009. [Dkt. #1]. Although Petitioner is proceeding *pro se* in this matter, she has not requested nor been granted *in forma pauperis* status. The Court, having reviewed the petition and the balance of the record, hereby finds and orders as follows:

In her petition, Petitioner requests that the Court issue a writ of *habeas corpus*, which commands respondent, who apparently is a judge with the Lewis County District Court, "to appear" and "explain the authority and legality under with he is requiring Petitioner to appear in" again what apparently is a county district court matter, "and if no legal authority" is then shown by respondent, "to immediately release and discharge Petitioner" from that matter. [Dkt. #1 p. 1]. In addition, Petitioner claims that respondent, in a conspiracy with certain "other [unnamed] state actors," is depriving her of her constitutional rights under 42 U.S.C. § 1983 and pursuant to 42 U.S.C. § 1985. (Id. at p. 2).

Specifically, Petitioner alleges respondent violated: (1) her Fourth Amendment rights by holding

ORDER
Page - 1

her without probable cause, by having her arrested and jailed for not signing a promise to appear in court; (2) her Eighth Amendment rights by holding her under excessive bail in the amount of $1500.00; and (3) her Sixth Amendment rights by (I) depriving her of counsel, by barring her from having access thereto and threatening to arrest her counsel "if he came back to the courtroom," and (ii) not informing her as to "the nature and cause of the accusations" allegedly made against her. [Id. at pp. 2-5].  Petitioner also claims her Fourteenth Amendment rights were violated, because the Director of the Washington State Department of Community, Trade and Economic Development, Rogers Weed, had not yet responded to a petition for an adjudicative hearing and declarative order she filed pursuant to Washington's Administrative Procedures Act ("APA"). [Id. at p. 5].

The Court, however, should deny Petitioner's petition.  First, it appears Petitioner is not asking for traditional federal *habeas corpus* relief, and thus the filing of a petition therefor in this Court is not the proper remedy for the relief she does seek.  See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) (if prisoner attacks something other than fact or length of confinement, and is not seeking immediate or more speedy release, then writ for *habeas corpus* is not appropriate or available federal remedy).  Rather, Petitioner is asking the Court to "immediately release and discharge her" from what seems to be a criminal matter that apparently is currently pending before the Lewis County District Court. [Dkt. #1, p. 2].  This matter thus more resembles a request for writ of *mandamus*.

A district court does have the authority to issue all writs, including writs of *mandamus*, which are "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principals of law." 28 U.S.C. § 1651(a).  This Court lacks jurisdiction, however, "to issue a writ of mandamus to a state court." Demos v. United States District Court, 925 F.2d 1160, 1161 (9th Cir. 1991).  Accordingly, because Petitioner is attempting to obtain a writ in this Court to compel a Washington State court to do something – in this case, to release her from the state criminal matter and dismiss all charges against her – her *habeas corpus* petition is "frivolous as a matter of law." Id. at 1161-62.

In addition, to the extent that Petitioner's petition properly can be deemed to contain a request for writ of federal *habeas corpus* relief – say, with respect to her allegedly being held in jail under excessive bail and without probable cause – it still is fatally deficient.  First, because Petitioner appears to challenge the fact of her confinement, instead of the actual execution of that sentence, 28 U.S.C. § 2254 would be

1 the proper statute under which to analyze her petition. See McIntosh v. United States Parole Commission,
2 115 F.3d 809, 811 (10th Cir. 1997) (§ 2241 used to attack execution of sentence, whereas § 2254 is used
3 to challenge fact or duration of confinement by state prisoners). To succeed under section 2254, though,
4 petitioner must be in custody pursuant to judgment of state court. See 42 U.S.C. § 2254(a) (district court
5 shall entertain application for writ of *habeas corpus* in behalf of person in custody pursuant to judgment
6 of state court).

7 It is not clear, though, that Petitioner currently is in custody pursuant to such a judgment. While
8 Petitioner claims that she is being held in jail by respondent under excessive bail, the contact address she
9 has provided the Court is a post office box located in Clark County, Washington, and does not appear to
10 be any jail facility, let alone one located in Lewis County where logically she would have been placed by
11 respondent. Nor is the respondent Petitioner names in her petition the proper respondent for purposes of
12 federal *habeas corpus*. "A petitioner for habeas corpus relief must name the state officer having custody
13 of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360
14 (9th Cir. 1994); see also Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (proper respondent to *habeas*
15 *corpus* petition is person who has custody over petitioner); Smith v. Idaho, 383 F.3d 934, 937 (9th Cir.
16 2004) (petitioner for *habeas corpus* relief under 28 U.S.C. § 2254 must name state officer having custody
17 of him or her as respondent).

18 "This person typically is the warden of the facility in which the petitioner is incarcerated." Stanley,
19 21 F.3d at 360; see also Rumsfeld, 542 U.S. at 435 (custodian of petitioner is person with ability to
20 produce petitioner's body before *habeas corpus* court); Smith, 383 F.3d at 937. The "[f]ailure to name the
21 petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." Stanley, 21 F.3d at
22 360; Smith, 383 F.3d at 937. Although it may be as Petitoner claims that respondent order petitioner to be
23 arrested and jailed, it would not be respondent, a state district court judge, who maintains custody over
24 her. Rather, that would be, as just noted, the warden or superintendent of the jail or other prison facility in
25 which petitioner was placed. That person, however, is not named in the petition.

26 It also does not appear that Petitioner has exhausted her state court remedies. Exhaustion of state
27 court remedies is a prerequisite to granting a petition for writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1).
28 If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). Waiver

of exhaustion, therefore, may not be implied or inferred. A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims contained therein before presenting them to federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992).

It is not enough that all of the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made. Duncan v. Henry, 513 U.S. 364, 366 (1995) (citing Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982)). A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). The petitioner "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim." Id.

The claim must be fairly presented in "each appropriate state court," that is, at each level of state review, so as to alert the state "to the federal nature of the claim," and to give it the "opportunity to pass upon and correct" alleged violations of the petitioner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted); see also Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). The federal basis of the claim, furthermore, must be made "explicit" in the state appeal or petition, "either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." Insyxiengmay, 403 F.3d at 668; Baldwin, 541 U.S. at 33. As discussed above, though, at most, petitioner's criminal matter currently is pending before the Lewis County District Court. Clearly, therefore, she has not presented her claims to the state's highest court, i.e., the Washington State Supreme Court, let alone "at each level of state review" as she is required to do.

Accordingly, the claims contained in Petitioner's petition are unexhausted. In addition, in regard to the last claim presented by petitioner – that neither the Department of Community, Trade and Economic Development, nor its Director, Roger Weeds, had yet responded to the petition for an adjudicative hearing and declaratory order she filed pursuant to Washington's APA – that claim is not at all appropriate in the context of a *habeas corpus* petition, given that it has nothing to do with either the fact or duration of her

alleged confinement, and that it is not directed at the official having custody over her. For this and all of the other reasons discussed above, petitioner's petition is fatally deficient.

Accordingly, the Court will not serve the petition on respondent. In addition, petitioner shall file by **no later than November 2, 2009**, an amended petition under 28 U.S.C. § 2254, (1) naming the proper respondent, (2) asserting only those grounds concerning the fact or duration of her alleged confinement in state custody, and (3) showing that her stated grounds for federal *habeas corpus* relief have been properly exhausted in state court (and that her petition is properly one for such relief, rather than a petition for writ of *mandamus*), or show cause why this matter should not be dismissed.

The Clerk shall send a copy of this Order to Petitioner.

DATED this 5th day of October, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE